Ryan Lee
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 x 241
Fax: (866) 861-1390
rlee@consumerlawcenter.com

Aaron D. Radbil (*pro hac vice* application to follow)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michele O'Hanlon, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> 24 Hour Fitness USA, Inc., <br><br> Defendant. | Case No. <br><br> PLAINTIFF'S CLASS ACTION COMPLAINT <br><br> JURY DEMANDED |

## Nature of this Action

1. Michele O'Hanlon ("Plaintiff") brings this class action against 24 Hour Fitness USA, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii), by using an automatic telephone dialing system to place non-emergency calls to consumers' cellular telephone numbers, without prior express consent.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred in this district, as Plaintiff resides in this district, and as Defendant transacts business in this district.

## Parties

5. Plaintiff is a natural person who at all relevant times resided in San Jose, California.

6. Defendant is the world's largest (by memberships) privately owned and operated fitness center chain.[1]

7. Defendant currently has 425 clubs, and 18,000 employees in the United States.[2]

---

[1] See http://en.wikipedia.org/wiki/24_Hour_Fitness.
[2] See id.

8.   Defendant's corporate office is located in San Ramon, California, and its processing center is located in Carlsbad, California.[3]

9.   Defendant also has an undisclosed number of employees working at customer service call centers in the Philippines and in Las Vegas, Nevada.[4]

10.   Defendant additionally employs a collections contracting company located in Jamaica.[5]

**Factual Allegations**

11.   In late 2014, Plaintiff obtained a new cellular telephone number—(408) ███.

12.   Shortly thereafter, Defendant began placing calls to Plaintiff's cellular telephone number.

13.   On each occasion that Plaintiff answered one of Defendant's calls she informed Defendant that she was not the individual for whom Defendant was calling.

14.   No matter, Defendant continued to place calls to Plaintiff's cellular telephone number, sometimes less than an hour after she had informed Defendant that it had reached the wrong number.

15.   Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to

---

[3] *See id.*
[4] *See id.*
[5] *See id.*

Plaintiff's cellular telephone number by using an automatic telephone dialing system.

16. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

17. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

*Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

18. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

19. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

20. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

21. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

22. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

23. Plaintiff is not, nor was, one of Defendant's customers.

24. Plaintiff does not, nor did, have a business relationship with Defendant.

25. Plaintiff did not provide Defendant with her cellular telephone number.

26. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

27. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number.

28. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to cellular telephone service providers.

## Class Action Allegations

29. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following two classes:

> All persons and entities throughout the United States (1) to whom 24 Hour Fitness USA, Inc. placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

> All persons and entities throughout the United States (1) to whom 24 Hour Fitness USA, Inc. placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that 24 Hour Fitness USA, Inc.'s records contain a code or other notation indicating that the called party informed Defendant that it reached the wrong number, or instructed Defendant to stop calling the number to which it placed a call.

30. The proposed classes specifically exclude the United States of America,

the State of California, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

31. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

32. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

33. The members of the classes are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant.

34. There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

35. As it did for all members of the classes, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. §227.

36. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

37. Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

38. Plaintiff suffered the same injuries as each of the members of the classes.

39. Plaintiff will fairly and adequately protect the interests of the member of the classes.

40. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

41. Plaintiff will vigorously pursue the claims of the members of the classes.

42. Plaintiff has retained counsel experienced and competent in class action litigation.

43. Plaintiff's counsel will vigorously pursue this matter.

44. Plaintiff's counsel will assert, protect, and otherwise represent the class members in this matter.

45. The questions of law and fact common to all members of the classes predominate over questions that may affect individual class members.

46. Issues of law and fact common to all class members are:

    a. Defendant's violations of the TCPA;

    b. The existence of Defendant's identical conduct;

    c. Defendant's use of an automatic telephone dialing system; and

    d. The availability of statutory penalties; and

    e. The availability of attorneys' fees and costs.

47. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

48. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

49. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

50. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

51. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

52. The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims

individually make it difficult for the class members to redress the wrongs done to them.

53. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

54. There will be little difficulty in the management of this action as a class action.

55. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(a)(iii)**

56. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-55.

57. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to her cellular telephone number, absent prior express consent.

**Trial by Jury**

58. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under to Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Dated: April 22, 2015 Respectfully Submitted,

<u>/s/ Ryan Lee</u>
Ryan Lee
Krohn & Moss, Ltd.
10474 Santa Monica Blvd.
Suite 405
Los Angeles, CA 90025
(323) 988-2400 x241
(866) 861-1390 (fax)
rlee@consumerlawcenter.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
106 East Sixth Street
Suite 913
Austin, Texas 78701
Tel: (512) 322-3912
Fax:   (561) 961-5684
aradbil@gdrlawfirm.com

Plaintiff's class action complaint
-12-