UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELE O'HANLON,<br><br>Plaintiff,<br><br>v.<br><br>24 HOUR FITNESS USA, INC.,<br><br>Defendant. | Case No. 15-cv-01821-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY**<br><br>[Re: ECF No. 42] |

Defendant 24 Hour Fitness USA, Inc., moves to stay this matter pending: (1) the Supreme Court's decisions in *Tyson Foods, Inc. v. Bouaphakeo*, 135 S. Ct. 2806 (2015) and *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015); and (2) the D.C. Circuit's resolution of appeals filed from a July 10, 2015 Federal Communications Commission ("FCC") Declaratory Ruling and Order. Motion to Stay Action filed by 24 Hour Fitness USA, Inc. ("Mot.," ECF No. 42). For the following reasons, the motion is GRANTED in part and DENIED in part.

I. **BACKGROUND**

Plaintiff Michele O'Hanlon filed a putative class action complaint on behalf of herself and all other similarly situated persons alleging that Defendant made numerous unsolicited calls to her cellular telephone number through an automatic telephone dialing system ("ATDS"), in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). *See generally* Complaint ("Compl.," ECF No. 1). Plaintiff alleges that Defendant continued to call her, even after she informed Defendant that she was not the individual Defendant sought. *Id.* ¶¶ 13–14. The complaint did not allege any actual injury, but instead sought only statutory damages, including treble damages, pursuant to 47 U.S.C. § 227(b)(3). *Id.* at Prayer for Relief. Defendant requests the Court stay this matter pending the outcomes of the Supreme Court decisions in *Tyson Foods* and *Spokeo*, as well as the D.C. Circuit's resolution of appeals filed from

the July 10, 2015 FCC Declaratory Ruling and Order.

### A. *Tyson Foods, Inc. v. Bouaphakeo*

In *Tyson Foods,* the Eighth Circuit affirmed a jury verdict and a district court's decision not to decertify class and collective actions brought under federal and state wage and hour laws, which asserted that the defendant, Tyson Foods, did not properly compensate employees for time spent donning and doffing personal protective equipment. *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 794 (8th Cir. 2014). Tyson Foods argued that certification was improper, in part because "evidence at trial showed that some class members did not work overtime" and therefore would not be entitled to any damages, "even if Tyson under-compensated their donning, doffing, and walking." *Id.* at 797. The Eighth Circuit panel, over a dissenting opinion, rejected this argument. *Id.* It reasoned that the class could proceed, notwithstanding its inclusion of members who did not work overtime, because the district court's jury instructions adequately provided that those members would not be entitled to recover damages. *Id.* at 798.

Following the decision, Tyson Foods petitioned for writ of certiorari. The Supreme Court granted the petition to review the following two questions:

> (1) Whether differences among individual class members may be ignored and a class action certified under Federal Rule of Civil Procedure 23(b)(3), or a collective action certified under the Fair Labor Standards Act, where liability and damages will be determined with statistical techniques that presume all class members are identical to the average observed in a sample.
>
> (2) Whether a class action may be certified or maintained under Rule 23(b)(3), or a collective action certified or maintained under the Fair Labor Standards Act, when the class contains hundreds of members who were not injured and have no legal right to any damages.

*Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146, "Question Presented," *available at* http://www.supremecourt.gov/qp/14-01146qp.pdf.

### B. *Spokeo, Inc. v. Robins*

In *Spokeo*, the Ninth Circuit held that the plaintiff there had sufficiently alleged Article III standing by merit of his claims for willful violations of the FCRA, regardless of whether he had sufficiently alleged actual harm. *Robins v. Spokeo, Inc.*, 742 F.3d 409, 414 (9th Cir. 2014). The

Supreme Court granted a petition for writ of certiorari to review the following question: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *Spokeo, Inc. v. Robins*, No. 13-1339, "Question Presented," *available at* http://www.supremecourt.gov/qp/13-01339qp.pdf.

### C.  The July 10, 2015 FCC Declaratory Ruling and Order

On July 10, 2015, the FCC issued an omnibus Declaratory Ruling and Order ("FCC Omnibus Ruling") that clarified various provisions of the TCPA, including the definition of an ATDS and what constituted a "called party," as those terms pertain to the statute. *See* Request for Judicial Notice re: Motion to Stay Action filed by 24 Hour Fitness USA, Inc. ("RJN," ECF No. 43), Ex. A (July 10, 2015 FCC Declaratory Ruling and Order). The FCC Omnibus Ruling explained that the TCPA's use of the term "capacity" in the definition of an "automatic telephone dialing system," *see* 47 U.S.C. § 227(a)(1), did not exempt equipment that lacked the "present ability" to dial randomly- or sequentially-generated numbers. *Id.* ¶¶ 15, 16 ("In other words, the capacity of an autodialer is not limited to its current configuration *but also includes its potential functionalities*." (emphasis added)).

The FCC Omnibus Ruling also considered the issue of calls to reassigned telephone numbers. It explained that the statutory term "called party" included both the "subscriber" and a "customary user of a telephone number included in a family or business calling plan" belonging to the subscriber. *Id.* ¶ 73. Even in instances when the telephone number was reassigned to another subscriber, callers dialing a "called party" violated the TCPA if "[the] previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call [was] based." *Id.* The FCC recognized a limited safe harbor for such callers, however, explaining that they "[would] be able to initiate one call after reassignment [without violating the TCPA] as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* ¶ 72.

Shortly thereafter, an appeal was filed in the D.C. Circuit challenging various aspects of

the FCC Omnibus Ruling. *See* Amended Petition for Review filed by ACA International ("Amended Petition"), *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. July 13, 2015), ECF No. 5. Ten additional appeals have been filed challenging the FCC's decision since that time,[1] including one originally filed in the Seventh Circuit.[2] *See* Notice Concerning Multidistrict Litigation Filed by FCC, No. 15-1211 (D.C. Cir. July 24, 2015), ECF No. 10. All have been consolidated with *ACA International*. *See* Clerk's Orders Consolidating Cases, *ACA Int'l v. FCC*, ECF Nos. 7, 12, 23, 33, 35, 37–39, 41, 93, 95. Among the issues on appeal include what constitutes an ATDS, and who can be considered "called parties," as those terms are understood in the TCPA. Amended Petition at 3–4. Defendant has not indicated when the consolidated appeal is set for argument, nor has it indicated when a decision from the D.C. Circuit is anticipated.

## II. LEGAL STANDARD

### A. Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis,* 299 U.S. at 254). The moving party has the burden of proving such a stay is justified. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Determining whether to grant a motion to stay requires the district court to weigh the competing interests affected by either granting or denying the motion. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before

---

[1] *Prof'l Assoc. for C v. FCC*, No. 15-1440 (D.C. Cir. Dec. 11, 2015); *Portfolio Recovery Assocs. v. FCC*, No. 15-1314 (D.C. Cir. Sept. 9, 2015); *Rite Aid Corp. v. FCC*, No. 15-1313 (D.C. Cir. Sept. 8, 2015); *Vibes Media, LLC v. FCC*, No. 15-1311 (D.C. Cir. Sept. 8, 2015); *Chamber of Commerce v. FCC*, No. 15-1306 (D.C. Cir. Sept. 3, 2015); *Consumer Bankers Ass'n v. FCC*, No. 15-1304 (D.C. Cir. Sept. 3, 2015); *salesforce.com, Inc. v. FCC*, No. 15-1290 (D.C. Cir. Sept.1, 2015); *Prof'l Ass'n for Customer Engagement, Inc. v. FCC*, No. 15-1244 (D.C. Cir. July 29, 2015); and *Sirius XM Radio, Inc. v. FCC*, No. 15-1218 (D.C. Cir. July 14, 2015).

[2] The appeal, *Professional Association for Customer Engagement, Inc. v. FCC*, No. 15-2489 (7th Cir. July 14, 2015), was later consolidated with *ACA International*.

United States District Court
Northern District of California

it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of California, Ltd.,* 593 F.2d 863–64 (9th Cir. 1979)). "Among these competing interests are (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

### B. Request for Judicial Notice

The Court first addresses Defendant's request for judicial notice. RJN. Grants of judicial notice are a matter of judicial discretion. *See United States v. Nat. Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1994). The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002); *see also Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir. 1994); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

Defendant requests judicial notice of the July 10, 2010 FCC Omnibus Ruling, as well as various court documents filed in the D.C. Circuit. *See* RJN Exs. A–F. Since these are public records and court documents properly subject to judicial notice, the Court hereby GRANTS Defendant's request.

### III. DISCUSSION

Defendant requests the Court stay the matter because the Supreme Court's decisions in *Tyson Foods* and *Spokeo* could affect not only questions regarding certification of Plaintiff's putative class, but could also deprive Plaintiff and the class of standing to proceed in this Court.

Mot. at 8–11. In addition, Defendant requests a stay on the basis that the FCC Appeal could bear on the scope of liability under 47 U.S.C. § 227(b)(1)(A)(iii). *Id.* 11–13. For the reasons that follow, the Court finds that a stay pending *Tyson Foods* and *Spokeo* would be appropriate, and GRANTS the motion on that basis. However, the Court DENIES Defendant's motion to stay the matter pending the resolution of the appeals before the D.C. Circuit.

### A. *Tyson Foods* and *Spokeo*

The Court finds that the *Landis* factors, 299 U.S. at 254, weigh in favor of staying this action pending the Supreme Court's decisions in *Tyson Foods* and *Spokeo*. Contrary to Plaintiff's assertions, the outcomes of those cases may have a determinative effect on the proceedings in this matter. *Spokeo* will address whether, as a matter of law, Plaintiff has standing to bring this claim and whether, therefore, this Court may continue to hear this case. The outcome in *Spokeo* also dovetails with *Tyson Foods*, and implicates the viability of Plaintiff's putative class. As Plaintiff's complaint does not allege that any class member suffered any actual injuries,[3] *Tyson Foods* will address whether, under the allegations so pled, the matter will be able to proceed as a class action. And, should the Supreme Court reverse the Ninth Circuit's decision in *Spokeo*, such a decision may have serious implications not only for Plaintiff's own individual standing, but also for the predominance and superiority requirements necessary for Rule 23(b)(3) class certification. *See Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015).

In addition, the Court finds that the possible damage which may result from granting the stay is minimal. The allegations in this litigation concern Defendants' compliance or non-compliance with the TCPA. Liability will be established through documentary evidence, as it

---

[3] Plaintiff argues that she sought actual damages in her Rule 26(a) disclosures. *See* Opp. at 2–4. However, these damages are not properly pled, and the Court notes that, in any case, the complaint is totally devoid of any allegations of actual injury. *See generally* Compl. The only claim the complaint sets forth is a statutory cause of action "based on a bare violation of a federal statute"—that is, based on Defendant's alleged violation of § 227(b)(1)(A)(iii) of the TCPA. *Id.* ¶¶ 56–57 (Count I). In this regard, the complaint seeks only statutory damages, including treble damages, under 47 U.S.C. § 227(b)(3)(B). *See id.* Prayer for Relief. Indeed, Plaintiff's own class allegations regarding the commonality and predominance considerations necessary for class certification under Rule 23(b)(3) assert the "availability of statutory penalties" to the class, and make no mention of any actual damages at all. *Id.* ¶ 46.

exists either in hardcopy or electronic form. Such evidence can be preserved and may be discovered in the due course of litigation. In addition, to the extent Plaintiff expects to rely on witnesses, the Court finds that the period of several months from now until *Tyson Foods* and *Spokeo* are decided is not substantial, and is unlikely to cause material harm. *See, e.g.*, *Larson*, 2015 WL 3945052, at *8 (explaining that "it is implausible that a one-year delay will cause" "witnesses [to] become difficult to locate, or [that they] will forget their testimony as their 'memories fade'").

The potential prejudice to Plaintiff and the putative class is minimal. Plaintiff seeks only statutory damages stemming from Defendant's conduct. Because this case is in its early stages, the deadlines affected by any such stay are few. And, because the Supreme Court will likely issue *Tyson Foods* and *Spokeo* within the next several months, the stay would be of a definite and limited duration. On the other hand, the potential prejudice to Defendant is significant. If this case were to continue, Defendant would be made to defend a nationwide putative class action that could be rendered moot. Doing so would require Defendant to undertake significant time, effort, and expenses to engage in discovery and potential class certification briefing. Moreover, continuing the matter in spite of *Tyson Foods* and *Spokeo* would be an inefficient use of limited judicial resources, as the Court would have to review the adequacy of pleadings, resolve discovery disputes, and consider class certification in a case that it may not have subject matter jurisdiction to entertain.

For these reasons, the Court agrees with the decisions from courts in this and other districts finding that a stay was appropriate pending the Supreme Court's decision in *Tyson Foods* and *Spokeo*. *See, e.g.*, *Larroque v. First Advantage Lns Screening Sols., Inc.*, No. 15-CV-04684-JSC, 2016 WL 39787, at *1 (N.D. Cal. Jan. 4, 2016) (granting stay pending *Spokeo*); *Larson*, 2015 WL 3945052, at *1 (N.D. Cal. June 26, 2015) (same); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. CV 15-04767-AB (JCX), 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015) (same); *see also Acton v. Intellectual Capital Mgmt., Inc.*, No. 15-CV-4004(JS)(ARL), 2015 WL 9462110, at *3 (E.D.N.Y. Dec. 28, 2015) (granting stay in TCPA matter pending *Tyson Foods* and *Spokeo*).

### B. The FCC Appeals

Defendant also requests to stay the matter pending a decision from the D.C. Circuit resolving appeals from the FCC Omnibus Ruling. Defendant argues that the D.C. Circuit's decision will bear on the scope of liability under 47 U.S.C. § 227(b)(1)(A)(iii), as the issues on appeal pertain to, among other things, the definition of an ATDS, as well as who may be considered a "called party" under the TCPA. Mot. at 11–13. In opposition, Plaintiff argues that issuing a stay pending the D.C. Circuit's decision would be highly prejudicial because doing so would suspend the litigation for an indefinite period of time, and also because any decision from the D.C. Circuit would be not be binding on this Court in any case. Opp. at 8–10. Plaintiff argues that Defendant fails to meet its burden to show that a stay pending the FCC appeals is warranted. *Id.* at 10. The Court agrees.

Unlike a stay pending *Tyson Foods* and *Spokeo*, here, the possible damage and prejudice to Plaintiff that may result from staying the case pending the resolution of the FCC appeals is significant. There, the multidistrict litigation involves eleven appeals from as many parties, now consolidated for resolution before the D.C. Circuit. The parties' appeals of the FCC Omnibus Ruling present a broad-based challenge to the FCC's 138-page Declaratory Ruling and Order, and sweeps in issues not pertinent to this case. Awaiting a ruling by the D.C. Circuit would likely involve a substantial delay of this matter. A stay pending that litigation would suspend for an indefinite period of time Plaintiff's opportunity—and the opportunity of the putative class—to vindicate their rights before this Court.

In contrast, moving forward with this case in spite of the FCC appeals would pose little prejudice to Defendants. Even assuming that the decision from the D.C. Circuit will be favorable to Defendants, it is, of course, not binding on this Court. In addition, this is not the first instance in which a federal appellate court occasioned to interpret the terms, "called party" and "ATDS," as understood in the TCPA. *See Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 325 n.13 (3d Cir. 2015) (defining a "called party"); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640–41 (7th Cir. 2012) (same); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251 (11th Cir. 2014) (same); *see also Dominguez v. Yahoo, Inc.*, No. 14–1751, 2015 WL 6405811, at *2 (3d Cir. Oct.

8

23, 2015) (defining an ATDS); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (same). In light of the persuasive authority on this issue from other circuit courts, and because a decision from the D.C. Circuit would not be controlling in this case, Defendant would not be prejudiced if the case moves forward in spite of the FCC appeals. The Court finds that the compelling interests of the expedient resolution of disputes and of providing certainty to the parties here and to others similarly situated outweigh any potential benefits in deferring to the D.C. Circuit. Given this Court's mandate "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, this case should proceed notwithstanding the FCC appeals.

For the foregoing reasons, Defendant's motion to stay further proceedings in this Court is GRANTED pending the Supreme Court's decisions in *Tyson Foods, Inc. v. Bouaphakeo*, 135 S. Ct. 2806 (2015) and *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). The Court DENIES Defendant's motion to stay the matter pending the resolution of the FCC appeals filed before the D.C. Circuit. Defendant is hereby ORDERED to inform this Court of the status of this case no later than ten (10) days after a decision is reached in either *Tyson Foods* or *Spokeo*, whichever is later.

**IT IS SO ORDERED.**

Dated: March 2, 2016

_____
BETH LABSON FREEMAN
United States District Judge