Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Ste. 150
San Diego, CA 92108
Tel: 619/758-1891
Fax: 619/296-2013
dkirkpatrick@sessions.legal
drichard@sessions.legal

Attorneys for Defendant 24 Hour Fitness USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE O'HANLON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>24 HOUR FITNESS USA, INC.<br><br>　　　　　Defendants. | Case No: 15-CV-01821 BLF<br><br>**DEFENDANT'S STATUS REPORT**<br><br>**Judge: Hon. Beth Labson Freeman** |

　　　1.　　On March 2, 2016, the Court issued an Order Granting In Part And Denying In Part Defendant's Motion To Stay. Docket No. 59.

　　　2.　　The Order granted Defendant's motion to stay this action pending the Supreme Court's decisions in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *Tyson Foods, Inc. v. Bouaphakeo*, 135 S. Ct. 2806 (2015).

　　　3.　　The Order directed Defendant to inform the Court of the status of this case no later than ten (10) days after a decision was reached in either *Tyson Foods* or *Spokeo*, whichever is later.  Docket No. 59.

　　　4.　　On March 22, 2016, the Supreme Court issued its decision in *Tyson Foods, Inc. v.*

*Bouaphakeo*, 136 S. Ct. 1036 (2016). On May 16, 2016, the Supreme Court issued its decision in *Spokeo, Inc. v. Robins*, No. 13-1339, 2016 WL 2842447 (May 16, 2016).

5. In *Spokeo*, the Supreme Court ruled that that plaintiffs cannot rest on the bare assertion of a statutory violation to establish standing under Article III—they must also show that that their injury is both concrete and particularized.. The Court also held that while an intangible injury may be sufficiently "concrete" to provide a plaintiff with standing, it must be "real" and not merely "abstract." The Court found the Ninth Circuit's analysis was incomplete because it addressed particularization but not concreteness. The Court did not determine whether plaintiff had alleged a "concrete" harm, but vacated the Ninth Circuit's opinion, and remanded the case to the Ninth Circuit to make that determination.

6. While the Supreme Court's decision provides guidance on the analysis necessary to determine whether a plaintiff has standing, the Ninth Circuit has not had the opportunity to apply this standard to determine whether plaintiff's alleged harm in *Spokeo* was both sufficiently concrete and particularized to establish standing.. Because the determination of standing goes to this Court's jurisdiction, the stay should continue in effect until the Ninth Circuit issues its decision on remand. Indeed, this Court's reasoning in staying this case pending the Supreme Court's *Spokeo* decision applies with equal force to the Ninth Circuit's forthcoming ruling on remand. As this Court held, Plaintiff's complaint is "totally devoid of any allegations of actual injury." Docket 59 at 6 n.3. Accordingly, as with the Supreme Court's decision, the Ninth Circuit's decision "will address, whether, as a matter of law, Plaintiff has standing to bring this claim and whether, therefore, this Court may continue to hear this case." *Id.* at 6. Further, extending the stay will not cause any prejudice to plaintiff, given the early posture of this case and the fact that she only seeks statutory damages for past conduct. *Id.* at 6-7; *see also, e.g.*, *Bay*

*Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, No. 5:13-CV-05430 EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014) ("A delay in compensation for past harms does not equate to a strong showing of prejudice"). On the other hand, as this Court recognized, 24 Hour Fitness and the Court could be subject to "significant" prejudice if the stay is not extended. Docket No. 59 at 7. The Ninth Circuit's decision in *Spokeo* could ultimately require dismissal of this action, which means that both 24 Hour Fitness and the Court risk wasting substantial resources by proceeding to the discovery and class certification stages in a case over which the Court may not have subject matter jurisdiction. *Id.* Accordingly, 24 Hour Fitness respectfully submits that the stay should remain in effect until the Ninth Circuit issues its decision in *Spokeo* on remand.

Dated: 5/26/16　　　　　　　　　　SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

　　　　　　　　　　　　　　　　　　*/s/Debbie P. Kirkpatrick*
　　　　　　　　　　　　　　　　　　Debbie P. Kirkpatrick
　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　24 Hour Fitness USA, Inc.

　　　　　　　　　　　　　　　　　　James K. Schultz, Esq.
　　　　　　　　　　　　　　　　　　Admitted *Pro Hac Vice*
　　　　　　　　　　　　　　　　　　SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
　　　　　　　　　　　　　　　　　　120 South LaSalle St., Ste. 1960
　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　Tel:　312/578-0990
　　　　　　　　　　　　　　　　　　Fax:　312/578-0991
　　　　　　　　　　　　　　　　　　jschultz@sessions.legal

　　　　　　　　　　　　　　　　　　Dayle Van Hoose, Esq.
　　　　　　　　　　　　　　　　　　Admitted *Pro Hac Vice*
　　　　　　　　　　　　　　　　　　SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
　　　　　　　　　　　　　　　　　　3350 Buschwood Park Dr., Ste. 195
　　　　　　　　　　　　　　　　　　Tampa, FL 33618
　　　　　　　　　　　　　　　　　　Tel:　813/890-2463
　　　　　　　　　　　　　　　　　　Fax:　866/466-3140
　　　　　　　　　　　　　　　　　　dvanhoose@sessions.legal